

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,874

### EX PARTE JESSE NUNEZ TORRES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11567-A IN THE 118TH JUDICIAL DISTRICT COURT
### FROM HOWARD COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. Appellate counsel filed an *Anders* brief, and Applicant did not timely file a *pro se* response to the *Anders* brief. The Eleventh Court of Appeals independently reviewed the record and determined that the appeal was without merit. *Torres v. State*, No. 11-06-00156-CR (Tex. App. – Eastland, February 15, 2007, no pet).

Applicant contends, *inter alia*, that he was unable to file his *pro se* response because he was

not provided with a transcript of *voir dire*, as specified in his request for preparation of the reporter's record and designation of matters to be included therein. Applicant filed two motions for extensions of time to file his *pro se* response, citing the incomplete record. One extension was granted, but the second motion for an extension was denied. Applicant alleges that he was unable to prepare and timely submit his *pro se* response without the *voir dire* transcript, and argues that it was improper for the Court of Appeals to make the determination that there were no non-frivolous grounds for an appeal on an incomplete record.

We remanded this application to the trial court for findings of fact as to whether the *voir dire* was recorded in this case, and if so, why Applicant was not provided with a transcript as requested. The trial court has determined that the *voir dire* was recorded but that the transcript was not included in the clerk's record provided to Applicant. The trial court finds that the *voir dire* transcript has now been provided to Applicant.

We find, therefore, that Applicant is entitled to the opportunity to examine the *voir dire* transcript, and to file an out-of-time *pro se* appellate brief in his appeal from cause number 11567-A from the 118th Judicial District Court of Howard County. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the *Anders* brief had been filed on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to file his *pro se* brief within thirty days after the mandate of this Court has issued.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: March 19, 2008
Do Not Publish